Buchalter LLP
PHILIP L. NULUD (SBN: 245147)
    Email: pnulud@buchalter.com
MATTHEW L. SEROR (SBN: 235043)
    Email: mseror@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400

Attorneys for Plaintiff
LUXURY BRANDS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXURY BRANDS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BOUNCE CURL, LLC, an Arizona limited liability company, and MERIAN ODESHO, an individual,<br><br>Defendants. | Case No. 2:26-cv-00458_____<br><br>**COMPLAINT FOR**<br><br>**(1) DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,433,393**<br>**(2) DECLARATION OF INVALIDITY OF U.S. PATENT NO. 12,433,393**<br>**(3) DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. D1,070,357**<br>**(4) DECLARATION OF INVALIDITY OF U.S. PATENT NO. D1,070,357**<br>**(5) DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. D1,028,527**<br>**(6) DECLARATION OF INVALIDITY OF U.S. PATENT NO. D1,028,527**<br>**(7) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>**(8) TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Luxury Brands, LLC ("Luxury Brands" or "Plaintiff"), by and through its undersigned counsel alleges claims against Defendants' Bounce Curl LLC ("Bounce Curl") and Merian Odesho (together "Defendants") as follows:

## Nature and Basis of Action

1. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, the United States Patent Act, 35 U.S.C. § 1 *et seq.*, California Unfair Competition Law, Business & Professions Code § 17200, and California Common Law. Luxury Brands respectfully requests that the Court declare that: (1) it does not infringe any valid and enforceable claim of any design patent or utility patent owned by Defendants, (2) that each of Defendants' patents is invalid; (3) that Defendants actions have violated § 17200 of the California Business & Professions Code; and (4) that Defendants tortuously interfered with both existing and potential contracts between Plaintiff and third-parties.

## The Parties, Jurisdiction, and Venue

2. Plaintiff Luxury Brands is a California limited liability company with its principal place of business at 4583 Ish Dr., Simi Valley, California 93063.

3. Upon information and belief, Defendant Bounce Curl, LLC is an Arizona limited liability company with a principal place of business at 26279 N. 74th Ave., Peoria, Arizona 85383.

4. Upon information and belief, Defendant Merian Odesho is a resident of Arizona.

5. The Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367(a), 1338(a-c), 2201, and 2202.

6. The Court has personal jurisdiction over Defendants as they have sufficient minimum contacts and have purposefully availed themselves of jurisdiction in this district. Specifically, Defendant Odesho is the sole member and owner of Defendant Bounce Curl. *See* Ex. A, Articles of Incorporation of Bounce Curl, LLC. Defendant Bounce Curl, through the direction of Defendant Odesho,

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

markets and sells its products, and operates the webpage www.bouncecurl.com, through which Defendant Bounce Curl sells various products to consumers, including consumers in this district in California. These products include, but are not limited to, Bounce Curl's "Define Edgelift Brush" which is related to the subject of this lawsuit. Upon information and belief, Defendants sell numerous products, including the products at issue in this case such as the "Define Edgelift Brush" products, to California residents in this District via the www.bouncecurl.com website and through salons and stores located in this judicial district.  As such, Defendants have purposefully targeted, and are selling its products to, California residents thereby subjecting them to jurisdiction in this Court.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2-3) as a substantial part of the events giving rise to this lawsuit occurred in this District, because Plaintiff itself resides in this District, and because Defendants are subject to personal jurisdiction in this District. Moreover, venue would be proper in this District pursuant to 28 U.S.C. § 1400(b) if Defendants had filed their patent infringement lawsuit against Plaintiff as Plaintiff resides and has a principal place of business in this District.

8.      There is an actual and justifiable controversy subject to the Court's declaratory judgment powers as Defendants have actively alleged that Plaintiff infringes one or more of Defendants' patents and because Defendants are actively engaging in actions that have negatively impacted both Plaintiff's current and prospective business relations, resulting in lost contracts and revenue.

## General Allegations

### Luxury Brands' Business

9.      Luxury Brands is a globally-recognized premier resource for and owner of a variety of subsidiary companies which sell luxury goods in the cosmetics, skincare, and haircare space.

BUCHALTER LLP
Los Angeles

BUCHALTER 107589548v1

Case No. 2:26-cv-00458

10.    One of Luxury Brands' most successful ventures is FHI Heat, a purveyor of high-quality hair-care products. Among FHI Heat's most successful products is its "UNbrush" Detangling Hairbrush, an example of which is shown below:



11.    The UNbrush was released in June of 2017 and quickly achieved significant popularity and sales. It is sold not only online, but in many major retailers across the nation.

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

12.     The UNbrush is particularly well known for its DuoFlex ™ Anti-Static bristles which aid in detangling hair without breaking strands. It also features a unique backless vented cushion. And the UNbrush is equipped with an ultra-light handle that allows for both flexibility and decreased weight.

13.     Additionally, the UNbrush is known for its unique backless vented cushion which reduces styling time by ensuring air can move more freely.

14.     Unsurprisingly, the UNbrush is the winner of numerous awards such as the 2023 Good Housekeeping Best Beauty Award, 2024 Oprah Daily Beauty O-Ward Winner, 2024 New Beauty Award, a Byrdie 2025 Beauty Award Winner, named a go-to hair tool by Shop TODAY, amongst many others.

***Development of UNbrush Curl***

15.     On or about January of 2024, Luxury Brands recognized a need for a new product for its customers with curly hair. Accordingly, Luxury Brands spent approximately 12 months developing a new product specifically designed for its customers with curly hair, combining the best aspects of its highly regarded UNbrush with new features specific for the needs of curly hair.

16.     On or about January 9, 2026, Plaintiff through FHI Heat, released the UNbrush Curl to great acclaim and immediate success.

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

17.    Importantly, the UNbrush Curl includes similar DuoFlex™ bristles, backless vented cushion, and ultra-lightweight handle to the original UNbrush, but also adds new features primarily on the side of the brush specific for curly hair users. An example of the UNbrush curl is below:



**Defendants' Patents**

U.S. Patent No. D1,028,527 S

18.    Plaintiff is informed and believes, and on that basis alleges, that Defendants claim to the be the inventors and owners of three (3) known utility and design patents related to hairbrushes: (U.S. Patent No. D1,028,527 S; U.S. Patent No. D1,070,357 S and U.S. Patent No. 12,433,393.

19.     Defendant Odesho is listed as the sole inventor of the design that was subsequently patented as U.S. Patent No. D1,028,527 ("'527 Patent") for an "ornamental design for the hair brush, as shown and described". The current listed assignee for the '527 Patent is Defendant Bounce Curl, LLC. A copy of the '527 Patent is attached as Exhibit 1.

20.     The '527 Patent was filed on July 28, 2023 and was issued on May 28, 2024.

21.     Included in the '527 Patent are seven (7) figures illustrating this design. As shown below via Figure 1 of the '527 Patent, there does not appear to be any dashed lines in this figure. Thus, Defendants sought and obtained design patent coverage for the entire design:

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 1

U.S. Patent No. D1,070,357 S

22.    Defendant Odesho is listed as the sole inventor of the design that was subsequently patented as U.S. Patent No. D1,070, 357 ("'357 Patent") for an "ornamental design for the hair brush as shown and described". The current listed

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

assignee for the '357 Patent is Defendant Bounce Curl, LLC. A copy of the '357 Patent is attached as Exhibit 2.

23.    The '357 Patent was filed on March 19, 2024, claims priority to filing date of the application for the '527 Patent of July 28, 2023, and was issued on April 15, 2025.

24.    Included in the '357 Patent are seven (7) figures illustrating this design. As shown below via Figure 1 of the '357 Patent, the shape of the handle is outlined in a broken line, indicating that the Defendants did not seek coverage for the handle design in the '357 Patent. The remaining portions of the hair brush appear to be solid lines, thereby indicating that Defendants sought and obtained design patent coverage for the remaining portion of the design:



FIG. 1

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

U.S. Patent No. 12,433,393

25.     Defendant Odesho is listed as the sole inventor of the invention that was subsequently patented as U.S. Patent No. 12,433,393 ("'393 Patent") for a hairbrush. The current listed assignee for the '393 Patent is Defendant Bounce Curl, LLC. A copy of the '393 Patent is attached as Exhibit 3.

26.     The '393 Patent was filed on April 17, 2025, claims priority to filing date of the application for the '527 Patent of July 28, 2023, and was issued on October 7, 2025.

27.     Included in the '393 Patent are eight (8) figures illustrating the invention, some of which are virtually identical to the figures used in the '527 Patent. For example, as shown below Figure 1 of the '393 Patent appears to be identical to Figure 1 of the '527 Patent, just with added reference numbers:

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

Case No. 2:26-cv-00458



FIG. 1

28.     The '393 Patent describes item 126 as a "plurality of divided channels". '393 Patent 7:5-6.

29.     The '393 Patent contains four (4) independent claims: claims 1, 12, 13, and 21.

30.     Independent claims 12 and 21 each contain a requirement for a "third plurality of channels" and "third plurality of teeth".

31.     All of the claims in the '393 Patent describe the functionality of the "plurality of divided channels".

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

32.     Collectively, the '527, '357, and '393 Patents comprise the "Asserted Patents".

### Defendants' Social Media Attacks

33.     Shortly after releasing the UNbrush Curl, Plaintiff started receiving numerous threats and claims that it was infringing Defendants' Asserted Patents.

34.     Specifically, Defendant Odesho claimed on social media that "The @fhiheat unbrush now copied us! They copied the first design they came out with so it's no surprise. Herr goes another email to my lawyers."

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

35.    Further, Defendant Odesho posted to fhiheat's Instagram post promoting the UNbrush Curl: "Are you kidding me? You could have collaborated with me instead. Has your lawyers even viewed our utility patents?"



36.    Defendant Odesho further suggested that Plaintiff needed a license deal from her to sell the UNbrush Curl.



I had to checkout the owner of the company. It's a guy & he does not have curly hair. Who knows, he probably doesn't even know their team took my designs because he's probably not even involved the way I am. & if he is involved, such a shame.

Michael sir, let's chat about a license deal.

@fhiheat

UNBrush - Michael Dodo | T The Dodo Group

37.    Defendant Mensho's posts continued despite certain customers disagreeing with her regarding the similarity between Bounce Curl's brush and the UNbrush Curl.

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1



BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

Case No. 2:26-cv-00458



38.    Further inflaming the issues, Defendant Bounce Curl provided a video on TikTok asking and teaching its subscribers how to report he UNbrush Curl as a counterfeit.

39.    Unsurprisingly, Defendants conduct quickly caused financial and reputational harm to Plaintiff.

40.    Plaintiff lost opportunities to partner with influencers due to the allegation of alleged infringement.

41.    Plaintiff also received requests from influencers to disassociate their pages with FHI Heat and the UNbrush Curl.

42.    Perhaps most egregiously, Defendants reported the UNbrush Curl as an infringing product to the TikTok store and asked the store to pull the product from its virtual shelves.

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

**First Claim for Relief**

**(Declaration of Non-Infringement of U.S. Patent No. 12,433,393)**

43.     Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

44.     Defendants have claimed that Luxury Brands infringes the '393 Patent.

45.     Luxury Brands does not make, use, sell, offer for sale, or import any product that infringes, either directly or indirectly, any valid claim of the '393 Patent.

46.     In particular, Luxury Brands does not make, use, sell, offer for sale, or import any brush that has a third plurality of teeth along a third edge of the brush. Moreover, Luxury Brands does not infringe any remaining valid claim of the '393 Patent.

47.     An actual and justiciable controversy exists between Luxury Brands and Defendants' as to Luxury Brands' non-infringement of the '393 Patent arising under the Patent Act, 35 U.S.C. § 1 *et seq.*

48.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Luxury Brands seeks a declaration that it does not infringe any valid claim of the '393 Patent.

**Second Claim for Relief**

**(Declaration of Invalidity of U.S. Patent No. 12,433,393)**

49.     Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

50.     In particular, the '393 Patent cannot claim priority to the '527 and/or '357 Patents as those patents are design patents which may only protect ornamental features of a product. Per the language of, at least, the independent claims of the '393 Patent, it is clear that the teeth and channels formed on the sides of the invention covered by the '393 Patent have a functional value such that they cannot be also protected as ornamental features in the '527 and/or '357 Patents, thus

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

invalidating the design patents. If the '527 and '357 Patents are, themselves, invalid, at least the '527 Patent serves as prior art as it was filed on July 28, 2023 and, on information and belief, was sold by Defendants soon thereafter.

51.    There is an actual and justifiable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning the invalidity of the '393 Patent.

52.    The '393 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 115.

### **Third Claim for Relief**

### **(Declaration of Non-Infringement of U.S. Patent No. D1,070,357)**

53.    Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

54.    Defendants have claimed that Luxury Brands infringes the '357 Patent.

55.    Luxury Brands does not make, use, sell, offer for sale, or import any product that infringes, either directly or indirectly, any valid claimed design of the '357 Patent.

56.    In particular, Luxury Brands does not make, use, sell, offer for sale, or import any brush that has a third set of teeth along a third edge of the brush. And Plaintiff does not sell a brush with evenly sized bristle holes. A full comparison of the drawings from the '357 Patent and Luxury Brands' UNbrush Curl Product showing the differences is attached as Exhibit X.

57.    An actual and justiciable controversy exists between Luxury Brands and Defendants as to Luxury Brands' non-infringement of the '357 Patent arising under the Patent Act, 35 U.S.C. § 1 *et seq.*

58.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Luxury Brands seeks a declaration that it does not infringe any valid claim or design of the '357 Patent.

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

Case No. 2:26-cv-00458

**Fourth Claim for Relief**

**(Declaration of Invalidity of U.S. Patent No. D1,070,357)**

59.     Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

60.     There is an actual and justifiable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning the invalidity of the '357 Patent.

61.     In particular, the '357 Patent is invalid as protecting functional portions of the design of the brush. Per the language of, at least, the independent claims of the '393 Patent, it is clear that the teeth and channels formed on the sides of the invention covered by the '393 Patent have a functional value such that they cannot be also protected as ornamental features in the '357 Patent, thus invalidating the '357 Patent.

62.     The '357 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, but not limited to, 35 U.S.C. §§ 102, 103, 112, 115, and/or 171.

**Fifth Claim for Relief**

**(Declaration of Non-Infringement of U.S. Patent No. D1,028,527)**

63.     Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

64.     Defendants have claimed that Luxury Brands infringes the '527 Patent.

65.     Luxury Brands does not make, use, sell, offer for sale, or import any product that infringes, either directly or indirectly, any valid claimed design of the '527 Patent.

66.     In particular, Luxury Brands does not make, use, sell, offer for sale, or import any brush that has a third set of teeth along a third edge of the brush. Nor does Plaintiff sell a brush with a tapered handle. And Plaintiff does not sell a brush with evenly sized bristle holes. A full comparison of the drawings from the '527

Patent and Luxury Brands' UNbrush Curl Product showing the differences is attached as Exhibit X.

67.     An actual and justiciable controversy exists between Luxury Brands and Plaintiffs as to Luxury Brands' non-infringement of the '527 Patent arising under the Patent Act, 35 U.S.C. § 1 *et seq.*

68.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Luxury Brands seeks a declaration that it does not infringe any valid claim or design of the '527 Patent.

### **Sixth Claim for Relief**

### **(Declaration of Invalidity of U.S. Patent No. D1,028,527)**

69.     Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

70.     There is an actual and justifiable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning the invalidity of the '527 Patent.

71.     In particular, the '527 Patent is invalid as protecting functional portions of the design of the brush. Per the language of, at least, the independent claims of the '393 Patent, it is clear that the teeth and channels formed on the sides of the invention covered by the '393 Patent have a functional value such that they cannot be also protected as ornamental features in the '527 Patent, thus invalidating the '527 Patent.

72.     The '527 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, but not limited to, 35 U.S.C. §§ 102, 103, 112, 115, and/or 171.

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

**<u>Seventh Claim for Relief</u>**

**<u>(Tortious Interference with Prospective Economic Advantage)</u>**

73.    Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

74.    Luxury Brands had an economic relationship with, at least, certain influencers that was likely to yield future benefits, including increased sales of the Accused Product.

75.    Defendants knew of these business relationships and that Plaintiff heavily relied on influencers to market their products.

76.    Defendants engaged in conduct that was anti-competitive and, minimally, fraudulent and, potentially, defamatory when they claimed that Plaintiff infringed the Asserted Patents.

77.    Defendants intent in making these fraudulent claims of infringement was to disrupt Plaintiff's sales and business relationships, including with influencers.

78.    Plaintiffs have lost certain business opportunities and relationships as a result of Defendants' actions, resulting in decreased sales and revenue.

79.    Absent Defendants' claims that Plaintiff infringed the Asserted Patents, Plaintiff's influencers would have entered into or continued business agreements and relationships with Plaintiff.

80.    For at least these reasons, Luxury Brands asks the Court to find that Defendants tortuously interfered with Plaintiff's prospective business relationships.

**<u>Eighth Claim for Relief</u>**

**<u>(Tortious Interference with an Existing Contract)</u>**

81.    Luxury Brands restates and incorporates by reference each of the allegations set forth in the paragraphs above.

82.    Luxury Brands was a party to a valid and enforceable contract between it and the TikTok store.

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1

83.    Defendants knew about Plaintiff's contract with the TikTok store.

84.    Through their actions alleging that Plaintiff infringed the Asserted Patents, Defendants intentionally sought to disrupt or end the contract with the TikTok store or, at the least, knew such a disruption or end was likely to occur.

85.    As a result, Plaintiff suffered financial and other harm, including lost sales and profits, as a result of Defendants' improper allegations of patent infringement.

86.    As a result of Defendants' improper allegations of patent infringement Plaintiff's contract with the TikTok store to sell the UNbrush Curl has been damaged.

87.    Accordingly, Luxury Brands seeks a finding from the Court that Defendants tortuously interfered with Plaintiff's contract with the TikTok store.

**Demand for Jury Trial**

Luxury Brands respectfully requests a trial by jury.

**Prayer for Relief**

Wherefore, Luxury Brands prays for an order entering judgment as follows:

1.    Finding that Luxury Brands is entitled to relief as to all claims in the Complaint and entering judgment in favor of Luxury Brands on all claims.

2.    Declaring that Luxury Brands has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents.

3.    Declaring that the Asserted Patents are invalid.

4.    Awarding Plaintiff damages caused by Defendant's acts of tortious interference.

5.    Awarding Luxury Brands its costs in this matter.

6.    Declaring that this case is exceptional and awarding Luxury Brands its attorneys' fees pursuant to 35 U.S.C. § 285 and pursuant to the Court's discretion.

BUCHALTER LLP
LOS ANGELES

22

BUCHALTER 107589548v1

Case No. 2:26-cv-00458

7.      Awarding any other such relief the Court deems just and proper.

DATED:  January 15, 2026          BUCHALTER LLP

By: _____
            PHILIP L. NULUD
            MATTHEW L. SEROR

Attorney for Plaintiff Luxury Brands,
LLC

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.


DATED:  January 15, 2026          BUCHALTER LLP


By: _____
                      PHILIP L. NULUD
                      MATTHEW L. SEROR

                      Attorney for Plaintiff Luxury Brands,
                      LLC

BUCHALTER LLP
LOS ANGELES

BUCHALTER 107589548v1